■ KENNETH R. MARCUS et al., Respondents, v IRENE R. LACKS, Appellant.—Judgment entered October 10, 1975 in the Supreme Court, Bronx County, after a nonjury trial, unanimously reversed, on the law, and the facts, without costs, and without disbursements, the judgment vacated, and the case remanded for a plenary trial to determine the value of the services rendered by plaintiffs in the surplus money proceeding and to determine on a *quantum meruit* basis the fee to be paid by defendant to plaintiffs for the other legal services rendered to her. We deem it advisable that on remand the trial be held before a different Judge and so direct. This is an action to recover counsel fees for professional services rendered by plaintiff to defendant. The complaint contains two causes of action. The first cause initially sought the sum of $54,000, later reduced to $49,459.55, as the amount allegedly due under a retainer agreement. The second cause seeks on a *quantum meruit* basis the sum of $75,000, for services in other matters allegedly handled for defendant. By written agreement dated October 1, 1969, defendant, then living in Paris, retained plaintiffs to represent her in an action for separation pending against her in the Supreme Court in New York County. Plaintiffs were also to sue her husband for moneys due her under two earlier agreements and to collect moneys due defendant as a result of a foreclosure sale by her husband of the marital abode, if the premises and furnishings could not be recovered. In consideration of the professional services to be rendered, defendant agreed to pay plaintiffs *"25% net from any monies received from actions upon my behalf, agreed upon by me, plus actual costs and disbursements"* (emphasis supplied). With regard to the defense of the separation action, the parties agreed that plaintiffs should receive only such sum as the court allowed on their motion for counsel fees. Plaintiffs, however, were not to commence any action on defendant's behalf for separation or divorce, nor to seek alimony, but only to seek to uphold prior agreements executed by defendant and her husband in

December, 1959 and April, 1960. It was further agreed that in a conversion action brought against defendant by her husband, plaintiffs should counterclaim to uphold the 1959 and 1960 agreements and to claim damages for the foreclosure sale of the marital abode, 34 East 69th Street, New York City, and its contents. The counsel fee due with reference to any claim or action against defendant's husband, resulting in judgment or collection of moneys due as a result of the sale of the premises, was contingent upon the amount recovered by plaintiffs in the actions set forth. A supplemental retainer agreement in essence reaffirmed the earlier agreement with certain conditions specified, and, additionally, provided for payment of a further 10% for appellate proceedings and a further 10% of the amount of the reduction in the $230,000 conversion action brought by defendant's husband. Plaintiffs were formally discharged by defendant on or about April 30, 1970. Prior thereto, on April 14, 1970, plaintiffs moved in the matrimonial part of the Supreme Court for an order fixing the fair and reasonable value of the legal services rendered to defendant. The court, by order entered in June, 1970, fixed plaintiffs' fee at $2,500 and directed defendant to pay this amount to plaintiffs as counsel fees. In her answer, defendant raises this prior award for counsel fees as an affirmative defense. The trial court awarded plaintiffs a counsel fee of $49,549.55, plus interest, for obtaining a surplus money order in favor of defendant in the approximate sum of $200,000. The sum awarded represented 25% of such moneys and was based upon the retainer agreement. However, by plaintiffs' own testimony, prior to plaintiffs' retention, there had been a judgment of foreclosure and sale of the premises at 34 East 69th Street and its contents. In fact, of the $342,500 received from the sale, approximately $216,000 had been deposited to defendant's credit with the clerk of the court. This sum, of course, was subject to certain claims which, as allowed, reduced the net sum to approximately $200,000. The surplus moneys were not obtained through plaintiffs' efforts or any claim or action in defendant's behalf. Although plaintiffs had been instructed by defendant not to seek or receive surplus money in her behalf, they did file, and later withdrew, a motion for distribution of the surplus moneys. Additionally, plaintiffs assert that they reviewed the file in the proceedings. A fair reading of the retainer agreement, especially with regard to the 25% contingent fee expressed, indicates that it was not intended to apply to the surplus money. If plaintiffs did indeed render legal services in defendant's behalf in connection with the surplus moneys and such is demonstrated upon the retrial, plaintiffs' fee should be determined on a *quantum meruit* basis. As to the allowance by the court of a sum slightly in excess of $15,000 for other legal services, presumably in connection with the matrimonial and conversion actions, there is also a question, principally as to the amount. The trial court rejected defendant's contention that plaintiffs were discharged for cause. While it does appear that plaintiffs failed to take affirmative action to recover the property, and also failed to utilize the appellate process, it cannot be concluded that such failure did not represent their best considered judgment in light of what occurred subsequent to their discharge. However, in the retainer agreement (upon which the trial court relied in part regarding the 25% contingent fee), it was provided that the only amount plaintiffs were to receive for the defense of the separation action was such sum as the court might allow as counsel fees. Prior to plaintiffs' discharge, they moved for such counsel fees. Though the order fixing the amount was signed subsequent to plaintiffs' discharge, it represented the court's best judgment as to the value of plaintiffs' legal services. If, as the trial court stated, plaintiffs were not bound to rely upon

the retainer agreement with regard to such fee, there is even less reason to have bound defendant for 25% of the surplus moneys. An examination of the affidavit of services rendered indicates that much of the services for which compensation is sought represented a review of documents or exhibits in actions which did not involve plaintiffs. Undeniably, some services were rendered in the conversion and matrimonial actions and their value also should be determined on a *quantum meruit* basis. Concur—Stevens, P. J., Markewich, Kupferman, Silverman and Lane, JJ.